Donald LOOK, Petitioner,

v.

Ronald AMARAL, et al., Respondents.

Civ. A. No. 82–805–MC.

United States District Court,
D. Massachusetts.

Sept. 14, 1982.

James B. Krasnoo, Norris, Kozodoy & Krasnoo, Boston, Mass., for petitioner.

Linda Katz, Asst. Atty. Gen., Crim. Div., Boston, Mass., for respondents.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

In this habeas corpus petition, brought pursuant to 28 U.S.C. § 2254, the petitioner seeks relief from his 1978 conviction for second degree murder. The respondents have moved for dismissal of two of the three grounds upon which petitioner bases his petition. That dismissal motion has been submitted to the court for determination without a hearing.

In November of 1978, the petitioner was convicted of second degree murder and was given a life sentence. The petitioner appealed his conviction to the Supreme Judicial Court of Massachusetts. In March of 1980, that court affirmed Mr. Look's conviction. *Commonwealth v. Look,* 1980, 379 Mass. 893, 402 N.E.2d 470, *cert. denied,* 449 U.S. 827, 101 S.Ct. 91, 66 L.Ed.2d 31 (1980). Thereafter, petitioner filed a motion for a new trial based on the trial court's failure to charge the jury on manslaughter, a lesser included offense. The trial judge denied the motion. Petitioner's motion for leave to appeal that decision was denied by Supreme Judicial Court Justice Wilkins in November of 1981.

Petitioner then filed a motion for examination and testing of the murder weapon. That motion was denied by the trial judge on January 18, 1982. In March of this year the petitioner's motion to appeal from that decision was denied by a single justice of the Supreme Judicial Court.

In his petition, Donald Look raises three grounds for relief. First, he asserts that he was denied due process by the trial court's failure to instruct the jury on the lesser included offenses of manslaughter, both voluntary and involuntary. Secondly, petitioner argues that his right to a speedy trial was denied him in this case. This argument is not the subject of respondents' motion to dismiss. Finally, petitioner seeks to have the murder weapon subjected to examination and testing to determine whether he was deprived of his right to a fair trial by the introduction into evidence of "nonmaterial irrelevant evidence" and by the use of perjured testimony.

### I.

The petitioner argues that his failure to object to, or to make as grounds for an appeal, the lack of an instruction on the lesser included offense of manslaughter was not due to a knowing, intelligent decision to waive his right to such an instruction, but rather was due to the fact that the constitutional significance of that right was not established until after his trial and appeal. He relies for support for his argument on two recent Supreme Court cases, *Beck v. Alabama,* 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980) and *Hopper v. Evans,* —— U.S. ——, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982). In *Hopper,* the Court stated, "*Beck* held that due process requires that a lesser included offense instruction be given when the evidence warrants such an instruction. But due process requires that a lesser included offense instruction be given *only* when the evidence warrants such an instruction." At ——, 102 S.Ct. at 2052. The fact that the requirement has now been stated in due process terms by the Supreme Court does not mean, however, that it is a newly recognized right.

For many years, Massachusetts courts have recognized that a judge is required to charge the jury concerning lesser included offenses, if there is a rational basis for such a charge. *Commonwealth v. Santo,* 375 Mass. 299, 376 N.E.2d 866 (1978); *Commonwealth v. McKay,* 363 Mass. 220, 294 N.E.2d

213 (1973); *Commonwealth v. Costa,* 360 Mass. 177, 274 N.E.2d 802 (1971); *Commonwealth v. LePage,* 352 Mass. 403, 226 N.E.2d 200 (1967).

In denying the petitioner's motion for a new trial, the trial judge stated that there was testimony which, if believed, would have supported a conviction of involuntary manslaughter. He noted, however, that the petitioner declined the court's invitation to request such an instruction. No manslaughter instruction was ever requested and no objection to the court's failure to so instruct was made at trial.

This was not a situation, as petitioner contends it was, where the right to instruction on the lesser included offense could not have been raised at trial. That right was one of long standing in Massachusetts. The petitioner's failure to request the instruction and to object to the failure of the court to give the instruction constituted a waiver of his right to a manslaughter instruction. Such was the finding of the trial judge and of Justice Wilkins of the Supreme Judicial Court. Due process cannot be denied where, as here, by direct statement of defense counsel, a defendant chooses not to have a lesser included offense charge given and where the right to such an instruction has long been established in the state courts.

Petitioner's contention that the waiver of his right to have a lesser included offense instruction must be apparent on the record is without merit. There is no support in the cases for petitioner's argument that the trial judge should have directly inquired of him as to whether or not he wished to waive the lesser included offense instructions or that he should have been informed of the consequences of the court's failure to give the instructions. As Chief Justice Burger stated in his concurring opinion in *Wainwright v. Sykes,* 433 U.S. 72, 93, 97 S.Ct. 2497, 2509, 53 L.Ed.2d 594:

> "... the decision to assert or not to assert constitutional rights or constitutionally based objections at trial is necessarily entrusted to the defendant's attorney ... Once counsel is appointed, the day-to-day conduct of the defense rests with the attorney. He, not the client, has the immediate—and ultimate—responsibility of deciding if and when to object, which witnesses, if any, to call, and what defenses to develop. Not only do these decisions rest with the attorney, but such decisions must, as a practical matter, be made without consulting the client. The trial process simply does not permit the type of frequent and protracted interruptions which would be necessary if it were required that clients give knowing and intelligent approval to each of the myriad tactical decisions as a trial proceeds."

Petitioner does not claim ineffective assistance of counsel; nor does he say that counsel did not give him an opportunity to make his own choice on the lesser included offense charge. Petitioner does not even claim that had he been fully informed by the court of the ramifications of a waiver he would have chosen to have the jury instructed on the lesser included offenses.

Petitioner has demonstrated neither cause for his failure to object to or to appeal the lack of a manslaughter instruction nor prejudice resulting from that lack and, therefore, has not met the cause-and-prejudice requirement of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

## II.

The petitioner's third ground for habeas corpus relief seeks to have the murder weapon examined and tested to determine (1) whether or not it was the same weapon which was taken from his possession and which caused the death of his wife, and (2) whether certain markings were placed on the weapon at the time at which a prosecution witness claimed he made them. If the weapon introduced into evidence was not his or if the witness committed perjury on the stand, says petitioner, he has been denied his right to a fair trial.

The petitioner made his motion to examine and test the murder weapon over three years after his conviction and over six

months after moving for a new trial. The trial judge held that the petitioner had had ample opportunity to examine the weapon before, during, and after the trial. Since petitioner did not raise the inspection issue at the time of trial, on appeal, or on his motion for a new trial, the trial judge held that he had waived that issue and denied the motion for inspection. Appeal from that decision was denied by a single justice of the Supreme Judicial Court.

 Petitioner's claim that he *may* have been denied a fair trial by the use of possibly perjured testimony or by the introduction of an exhibit which may not have been authentic has been available to him at least since the time of trial. His failure to raise the issue then, or on appeal, has not been adequately explained by the petitioner. The affidavit which petitioner submitted on December 21, 1981, in support of his original motion, contains no "facts" which were not known to him at the time of trial. He has submitted nothing which explains his failure to raise the issue before January of this year. He has not met, therefore, the "cause" prong of the standard enunciated in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and recently reaffirmed in *Engle v. Isaac,* —— U.S. ——, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

The cases cited by the petitioner in support of his claim are not applicable to the circumstances of this case. In *Napue v. Illinois,* 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), the defendant did not learn until after his trial that the prosecution may have used false testimony in presenting its case. The defendant's motion for inspection of evidence in *Miller v. Pate,* 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690 (1967) was made before trial and denied by the court.

In the case now before this court, the facts are different from those in the cases cited by petitioner. Prior to his trial, the petitioner's motion for inspection was allowed. There is no contention by the petitioner that any other motion to inspect the weapon was ever made or denied prior to January, 1982, three years after his convic-

tion. In addition, all of the alleged "facts" supporting petitioner's tardy motion for inspection were available to him at the time of his trial. Nothing new or different has been presented to explain his failure to move for inspection until January of this year.

### III.

For the foregoing reasons, the first and third claims ·.pon which the petitioner bases his petition for a writ of habeas corpus must be and hereby are dismissed.